UNION INSURANCE COMPANY OF PHILADELPHIA and Another v.
ALICE L. HALL.[1]

July 10, 1903.

Nos. 13,532—(179).

**Objections to Evidence.**
The proper way to object to evidence after it has been given by a witness is by motion to strike it out, or by request for an instruction to the jury to disregard it.

**Rulings of Court.**
Certain rulings of the trial court *held* not shown to have been prejudicial to defendant.

Appeal by defendant from an order of the district court for Hennepin county, Brooks, J., denying a motion for a new trial. Affirmed.

*Hall & Kolliner,* for appellant.

Among other cases these were cited: State v. Lanier, 79 N. C. 622; Norwood v. Andrews, 71 Miss. 641; Pape v. Wright, 116 Ind. 502, 509; Holmes v. Statler, 17 Ill. 453; Stratton v. State, 45 Ind. 468; Kelley v. Proctor, 41 N. H. 139; Kimmel v. Kimmel, 3 Serg. & R. 335; Rathbun v. Ross, 46 Barb. 127; Keator v. People, 32 Mich. 484; Commonwealth v. Billings, 97 Mass. 405.

*Brown & Kerr* and *Edward F. Waite,* for respondent.

Appellant's counsel argue the question whether, when it is proposed to impeach an adverse witness, they are confined to his reputation at the very moment of the trial and the very spot of his present residence. They miss the point. We concede that it is proper to show by competent testimony, for the purpose of impeachment, what the reputation of a witness for truth and veracity was, in a community other than that of his present residence, where he lived for such a period, and so recently that his former reputation there would throw light upon his present credibility. The propriety of such testimony, where length of former residence and its nearness in time are to be weighed,

[1] Reported in 95 N. W. 1112.

we apprehend to be a matter for the court's discretion. Buse v. Page, 32 Minn. 111, 116. But conceding that it would have been error to exclude testimony as to what the reputation of the witness Lucas was in Minneapolis, when he resided in that city, we maintain that no such error is shown by the record. The court's rulings simply excluded testimony as to this witness' present reputation in Minneapolis, where he had not resided for nearly four months; and of his reputation in St. Paul, when sought to be elicited from one who had admitted that he knew nothing whatever about it.

BROWN, J.

Action to recover damages resulting from the negligent starting of a fire by defendant in close proximity to buildings which plaintiffs had insured against loss by fire. Plaintiffs had a verdict in the court below, and defendant appealed from an order denying a new trial.

Only one question is presented for our consideration, and that is with reference to certain rulings of the trial court on the subject of evidence offered for the purpose of impeaching the character of one Lucas, a witness plaintiffs had called in support of the allegations of the complaint. It may be conceded, without so deciding, that the trial court ruled erroneously in respect to the admission of such evidence, but we are of opinion that the record fails to disclose that defendant was in any way prejudiced. The witness called for impeaching purposes was asked several questions pertinent to the subject— among others, whether he was acquainted with Lucas, and knew his general reputation for truth and veracity in the community in which he lived. His answer was, "It is bad." When the question was put to him, "In the first place, whether you know it or not?" he answered, "I know it is bad." The court then directed him to answer the question "Yes" or "No," and he then answered that he did know his reputation. Whereupon counsel for plaintiffs interposed an objection on the ground that the witness had not shown himself competent to testify on the subject; it being contended that the witness should show his acquaintance with the reputation of Lucas at his then residence, and not where he had resided some four or five months previous to the trial. After considerable examination touching this question, the court sustained the objection. The witness was then

dismissed, but subsequently recalled, and similar questions put to him respecting his knowledge of the reputation of Lucas as to truth and veracity—among others, the following:

> "Q. Mr. Holmes, renewing my examination of you, I will ask whether you are able to state the reputation of Lucas for truth and veracity by reason of the expressed opinions of a very large number of people in the community in which he has resided?"

Counsel for plaintiffs objected to the question on the ground that it called for a conclusion and was incompetent and irrelevant. The court overruled the objection, and the witness was permitted to answer that the reputation of the witness was bad. Following the answer, counsel for plaintiffs again objected to the testimony on the ground that no foundation was laid, and after some further examination of the witness by both counsel the court sustained the objections. No motion was made to strike out the evidence given by the witness, nor does the record disclose that the court was requested to instruct the jury to disregard it, nor that such an instruction was in fact given; and, for aught that appears, it remained in the case, and was considered by the jury.

The proper way to object to evidence that has been received in a case is by motion to strike it out, or by request that the court instruct the jury to disregard it. Dunnell, Minn. Pr. § 1816. The record is not very clear as to just what the learned trial court intended to hold on the question of the admissibility of the evidence, but the burden being upon appellant to show affirmatively prejudicial error, and it not being shown, the order appealed from must be affirmed. We are not satisfied, from the record presented to us, that defendant was in any way prejudiced by the ruling of the court. The evidence impeaching the witness was in the case, and, not being stricken out, went to the jury for what it was worth. If the answers of the witness, received as they were, had been of a different nature, and conclusive against plaintiffs' right of recovery, we would have been required to hold— there being no motion to strike out—that they remained in the case, as proper evidence. Defendant could certainly have insisted that the

evidence was in the case, and no logical reason occurs to us why plaintiffs may not so insist, and thus prevent a reversal for a reason not far removed from a pure technicality.

Order affirmed.